THE STATE *v.* THE JUDGE OF THE COURT OF PROBATES OF
NEW ORLEANS.

The executors appointed by the testator, or, in case of their failure to act, a dative
testamentary executor, are the only persons competent to carry the provisions of a
will into effect.

One who claims to be put in possession of an estate as universal legatee, must pro-
ceed contradictorily with the testamentary executors, or dative testamentary exe-
cutor; if there be neither, he must cause a dative testamentary executor to be ap-
pointed. C. C. 1000, 1001, 1002, 1003. And so of successions administered by
curators. C. C. 1181.

APPLICATION for a mandamus to' the Judge of the Court of
Probates of New Orleans, *Bermudez,* J.

*L. C. Duncan,* for the applicant.

SIMON, J. The applicant states that he is the universal lega-
tee of James Lally, whose will was ordered to be registered in the
Court of Probates of the city of New Orleans, and to be execu-
ted; (referring us to 1 Robinson, 269,) and that the will was ac-
cordingly registered and ordered to be executed, by the Judge of
the Probate Court. He further represents that he has offered to
the Court of Probates proof of his personal identity, and of his
right to be recognized as the universal legatee of the estate, and
has petitioned that court to be recognized as such and to be put
in possession of the estate, but that the judge refuses to receive
the evidence offered, to recognize him as the universal legatee
of the deceased, or to put him in possession of the estate. He
prays that the Judge of Probates may be ordered to show cause,
why a writ of mandamus should not be issued, directing him to
comply with his demands.

To this rule, the Judge of the Court of Probates answered:
that the petitioner was absent from the state at the date of the
registry and execution of the will, and never has been a resident
of Louisiana; that the applicant's petition does not pray that the
testamentary executors of the deceased may be cited and compel-
led to account; that the judge is inhibited by law from pronoun-
cing on the petitioner's claim, so long as the time allowed to the
executor to answer shall not have expired; and that the will in

question is administered by a foreign testamentary executor living at and domiciliated in New-York; &c. He proceeds, in his answer, to review and comment on a decision of this court, in connection with a law passed by the Legislature, at its last session, in relation to foreign testamentary executors, and such executors as are absent from the state; he endeavors to show the difficulty of citing a foreign executor; argues much at length in support of his interpretation of the law of 1842, which he calls *an explanatory law;* and relies upon divers French authorities, which he copies in his answer, to convince us that the law of 1842, as a declaratory law, ought to destroy the effect of our former decisions, so far as they have not acquired the force of *res judicata.* The last part of the learned judge's answer was totally uncalled for by the question which the application presents; it has nothing to do with the object of the proceeding; and, therefore, there was no necessity for introducing in this case a matter so entirely disconnected with the real point at issue.

This tribunal has always shown the greatest respect for the enactments of the Legislature, and is not conscious of ever having failed to exhibit a constant and uniform readiness to conform its decisions to the true will and real intention of the law maker. This we consider to be one of the most important of our official and constitutional duties; and whenever a question shall arise before us, under the law of 1842, we shall be ready to give to it such construction and interpretation as our best judgment and most mature deliberation and consideration may suggest.

We understand the question presented in this case, not to relate to the appointment or confirmation of a foreign testamentary executor, but to be merely whether the applicant, as universal legatee of James Lally, can be allowed to proceed *ex parte* to cause himself to be recognized as such, and to take possession of the estate? The petition presented by the applicant to the Court of Probates does not pray that the executor, or any other administrator may be cited, nor does it contain any allegation showing that the estate is under the administration and in the possession of any one, by whom it should be delivered to the universal legatee. It does not show that any executor has ever been qualified or confirmed, but simply states that the deceased never was mar-

ried, and left no forced heir, whose existence might present an impediment to the institution of the petitioner as his universal legatee. The petition represents, however, that the particular legacies specified in the will, have been paid.

This is an anomalous proceeding, which this court cannot sanction. The will shows that two testamentary executors were appointed by the deceased. If they have refused to accept, or have failed to qualify, or if they be in any manner disqualified from acting as such in this state, under our laws, it is clear that an executor should be appointed by the Judge of Probates, *ex officio.* Civil Code, art. 1671. It does not appear that any step has ever been taken to put the estate in due course of administration in Louisiana, except the proceeding had last year for registering the will, and ordering it to be executed. 1 Robinson, 269. Now, in the case of *Sterlin's Executor* v. *Gros,* this court decided, (5 La. 106,) that the executors of a will, or, in case of their neglect to act, a dative testamentary executor, are the only persons competent to carry its provisions into effect; and we are not prepared to say that a universal legatee under a will is entitled to the possession of the estate, if there be a testamentary executor, or, in case of there being none, without causing a dative testamentary executor to be appointed. The petitioner could not, therefore, demand to be put in possession of the estate as universal legatee, in any other manner than contradictorily with the testamentary executors appointed by the deceased, or, in their default, with the dative one appointed by the judge.

This is also shown by articles 1000, 1001, 1002, and 1003 of the Code of Practice, the first of which provides that, " when the heirs, or other persons entitled to successions, which are administered by testamentary executors, shall present themselves, they shall present a petition to the judge who appointed or confirmed the executors, praying that *they may be cited* and compelled to account," &c. Article 1002 says that the judge shall pronounce on the applicant's claim so soon as the time allowed *for the executors to answer* shall have expired; and article 1003 declares that, if the judge discovers that he is entitled to the succession, *he shall put him in possession of it,* and *shall direct the executor* to render an account, &c. The law is also the same with re-

gard to successions administered by curators. Civil Code, art. 1181.

We conclude, therefore, that the proceedings under consideration, could not be carried on *ex parte ;* that the action is premature, if there be no person qualified to act as testamentary executor upon whom the petition of the applicant could be served ; and that the Judge of the Court of Probates did not err in refusing to hear him and to receive his evidence.

*Rule discharged.*